IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

|  |  |
|---|---|
| **RUTH RODNEY,** | ) |
| **Plaintiff** | )<br>)<br>) |
| v. | ) Case No.: |
| SUSSEX G Condominium Association, Inc. and<br>United Civic Organization, Inc. d/b/a United Civic<br>Organization of Century Village<br>and United Civic Organization of Century Village of<br>West Palm Beach, | )<br>)<br>)<br>)<br>) |
| **Defendants.** | ) |
| _____/ | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, RUTH RODNEY ("Plaintiff Rodney"), by and through counsel, Disability Rights of Florida, Inc., and files this Complaint against the Defendants, SUSSEX G Condominium Association, Inc. ("SUSSEX G") and United Civic Organization, Inc. d/b/a United Civic Organization of Century Village and United Civic Organization of Century Village of West Palm Beach ("UCO") seeking an award of monetary damages and declaratory and injunctive relief against both Defendants as relief for their prohibited and unlawful conduct that violated and continues to violate her civil rights to not be discriminated against on account of her disabilities which rights are afforded to her by the Fair Housing Amendments Act, 42 U.S.C. §§ 3601 - 3619 ("Fair Housing Act" or "FHA") and the Palm Beach County Code §§ 15.36-15.67.

## JURISDICTION AND VENUE

1. This is an action for injunctive relief and for monetary damages against both SUSSEX G and UCO, jointly and severally, in an amount in excess of $ 15,000.00, exclusive of interest, costs and attorney's fees and this Court has jurisdiction of this action pursuant to 42 U.S.C. §3613(a) and (c) and pursuant to 28 U.S.C. §§ 1331, 2201-2202, and 1343(a)(3) and (4).

2. This Court has supplemental jurisdiction over Plaintiff's claims for violation of the Palm Beach County Code pursuant to 28 U.S.C. § 1367(a). Plaintiff's claims pursuant to the Palm Beach County Code are so related to the federal claims presented in this action that the Palm Beach County Code claims form part of the same case or controversy.

3. Plaintiff Rodney seeks to redress the unlawful deprivation of her right to fair housing established under the United States Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601 et. seq. and the Code of Laws and Ordinances Relating to Palm Beach County Government, Palm Beach County Code Chapter 15.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because both Defendants are located in and conduct business in this District and because the unlawful conduct, acts and omissions described herein and that give rise to Plaintiff Rodney's action against Defendants occurred in Palm Beach County, Florida.

## PARTIES

5. Plaintiff Rodney, age 74, resides as a tenant in a condominium unit located at 128 Sussex G, West Palm Beach, FL 33417 that is part of the SUSSEX G Condominium Association. A copy of Plaintiff Rodney's current lease agreement is attached and incorporated herein as Exhibit "A".

6. Plaintiff Rodney has physical impairments which substantially limit her major life activities including her mobility. Plaintiff Rodney is disabled and uses a motorized wheelchair.

7. UCO is a Florida not-for-profit corporation that conducts business under the fictitious names "United Civic Organization Inc. of Century Village" and "United Civic Organization of Century Village West Palm Beach, Florida" as evidenced by the stationery used by UCO which identifies it as "United Civic Organization, Inc. of Century Village", the banner of the UCO reporter that discloses that the reporter is the "Official Publication of the United Civic Organization of Century Village, West Palm Beach, Florida" and the fact that the contract for shuttle bus service between UCO and SE Florida Transportation, LLC refers to the "United Civic Organization of Century Village West Palm Beach, FL". A copy of a March 25, 2019 letter from UCO that identifies UCO as using the name "United Civic Organization, Inc. of Century Village" is attached as Exhibit "B", a copy of the UCO reporter is attached as Exhibit "C", and a copy of the contract for shuttle bus service is attached as Exhibit "D".

8. UCO does business under these fictitious names without benefit of registration with the Florida Secretary of State, which is required as a public policy of the state of Florida by the Florida Fictitious Name Act which mandates that "[a] person may not engage in business under a fictitious name unless the person first registers the name...". §865.09(a)(a), Fla. Stat. (2020).

9. UCO is a "mutual benefit corporation" as that term is defined in §617.01401(13), Fla. Stat. (2020).

10. The stated purpose of UCO, according to the "Bylaws of the United Civic Organization, Inc.", amended March 5, 2010, is to form a permanent organization of delegates elected by the owners of the residential condominium units of Century Village in order to protect, promote, and carry out the common rights, collective interests, and objectives of the unit owners. A copy of UCO's bylaws, as amended March 5, 2010, are attached as Exhibit "E".

11. SUSSEX G is a Florida not-for-profit corporation created pursuant to and governed by F.S. Chapter 718 and is one of 28 condominium associations included in the property known as Century Village West Palm Beach.

**STATEMENT OF FACTS AND LAW**

12. At all times relevant, Plaintiff Rodney was disabled[1] as defined by the Fair Housing Act.

13. At all times relevant to this action, using monthly condominium dues, SUSSEX G, acting through its agent and partner, UCO, provided the residents of SUSSEX G and the residents of the other condominium associations located in Century Village West Palm Beach, with exclusive access to shuttle bus transportation service to numerous stops located inside and outside Century Village West Palm Beach including the UCO clubhouse, Publix, Walgreens, the local library, Goodwill, Walmart, a Dollar Tree and a nearby church.

14. In March 2003, a resident of Century Village, Ms. Sheila Karmelin, who used a walker and a wheelchair to get around, wrote to UCO requesting that the UCO buses be made accessible to her.

---

[1] The term "disability" or "disabled" is synonymous with the term "handicap" as defined in 42 U.S.C. § 3602(h). Plaintiff Ruth Rodney uses the terms "disability" or "disabled".

15. UCO advised Ms. Karmelin in a letter dated April 17, 2003 that the UCO bus system was exempt from accessibility requirements.  A copy of UCO's April 17, 2003 letter to Ms. Karmelin is attached and incorporated as Exhibit "F".

16. Ms. Karmelin filed an administrative complaint against UCO which resulted in a Conciliation Agreement which, among other things, required that UCO agree to "require that future bus service will provide assistance for disabled passengers with walkers".

17. Despite this, the shuttle buses that Sussex G and UCO currently use to provide the transportation service to residents of Sussex G are not wheelchair accessible.

18. Plaintiff Rodney has not been able to access or ride the shuttle bus transportation service that SUSSEX G and UCO provide to other SUSSEX G and Century Village of West Palm Beach residents because it is not wheelchair accessible.

19. A 2017 shuttle bus agreement that describes the transportation services that SUSSEX G provides to its residents, including Plaintiff Rodney, through December 31, 2021 is attached and incorporated as Exhibit "D".

20. In the 2017 shuttle bus agreement, SUSSEX G and UCO commit to provide aid and assistance to the residents of Century Village who use canes and walkers to access and exit the buses. The agreement states that "[w]hile boarding and getting off a bus any disabled person requiring assistance with a device to assist them in walking, should be offered such assistance…to accommodate their handicap" and also states that "[s]uch assistance shall include carrying, safely storing and returning of devices including canes and walkers to the Rider at their request or upon exiting the bus."

21. The 2017 bus shuttle agreement also provides that "in the event that the United States Department of Transportation determines that the Buses must be wheelchair accessible,

or if it is determined that applicable federal, state or local laws require that the Buses must have wheelchair equipment or other similar accommodations installed, then…[SE Florida Transportation, LLC., the bus company that provides and operates the buses] will provide for the installation of such equipment [including wheel chair lifts] subject to…[UCO] covering the cost of such equipment, and…[SE Florida Transportation LLC.] covering the costs of the installation and maintenance of such equipment."

22. Plaintiff Rodney has notified Defendants that their shuttle bus service is not accessible and has requested that SUSSEX G and UCO extend the shuttle bus service to her as a reasonable accommodation by making it wheelchair accessible.

23. A copy of Plaintiff Rodney's March 16, 2019 written request for reasonable accommodation to SUSSEX G and to UCO is attached as Exhibit "G".

24. SUSSEX G and UCO, by letter dated March 25, 2019 and signed by the President of UCO, denied Plaintiff Rodney's request, and directed her to use the Palm Tran Connection service.  A copy of the March 25, 2019 denial of Ms. Rodney's request is attached as Exhibit "B".

25. Palm Beach County provides bus services including the Palm Tran and the Palm Tran Connection.

26. Palm Tran is the fixed-route bus system operated by Palm Beach County. Palm Tran does not provide Plaintiff Rodney with an equal opportunity to use and enjoy her dwelling in SUSSEX G because the distance between Plaintiff Rodney's condominium and the nearest Palm Tran stop is approximately 1 mile, there is no sidewalk for much of the distance between Plaintiff Rodney's condominium and the closest Palm Tran bus stop,

    Plaintiff Rodney must traverse the mile on her motorized wheelchair which takes over 25 minutes, and the Palm Tran costs $2 for a one-way trip.

27. Palm Tran Connection is a door-to-door paratransit service operated by Palm Beach County. Palm Tran Connection does not provide Plaintiff Rodney with an equal opportunity to use and enjoy her dwelling in SUSSEX G because all rides must be reserved 24 hours in advance, users must periodically re-certify their eligibility for the service, and the Palm Tran Connection costs $3.50 for a one-way trip.

28. The shuttle bus provided by Defendants drives right past Plaintiff Rodney's front door multiple times a day as it circulates through Century Village West Palm Beach, requires no reservation, and is free at the point of service.

29. As a result of the above-described acts and conduct, Defendants failed to provide and denied accessible shuttle bus service to Plaintiff Rodney.

30. Plaintiff Rodney cannot and never has been able to ride the shuttle bus or otherwise access transportation services offered by Defendants to all residents of Century Village West Palm Beach who can navigate the stairs onto the bus.

## COUNT 1
## VIOLATION OF THE FEDERAL FAIR HOUSING ACT
## (42 U.S.C. 3604(f)(2))

31. Plaintiff Rodney realleges and incorporates by reference Paragraphs 5 through 30, inclusive, of this Complaint as if fully set forth herein.

32. This is an action for declaratory and injunctive relief and for monetary damages pursuant to the Federal Fair Housing Act 43 U.S.C. Section 3613, which statute provides for a civil action to remedy discrimination against a person on the basis of disability.

33. The Fair Housing Act (FHA) makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap" of that person. 42 U.S.C.A. § 3604(f)(2).

34. The FHA defines "handicap" as follows: "1) a physical or mental impairment which substantially limits one or more … major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment...". 42 U.S.C. § 3602(h).

35. At all times relevant to this action Plaintiff Rodney was a person with a disability[2] as that term is defined in 42 U.S.C. § 3602(h).

36. SUSSEX G and UCO knew, at all times relevant to this action, that Plaintiff Rodney had disabilities and required a wheelchair to aid in her mobility.

37. Plaintiff Rodney has been harmed by UCO and SUSSEX G's discriminatory provision of access to the community shuttle bus services.

38. As a result of UCO and SUSSEX G's illegal conduct and discriminatory practices, Plaintiff Rodney is an "aggrieved person" as that term is defined in the Fair Housing Act in that she has been deprived of her right to equal housing opportunities, has suffered discrimination on account of her disabilities and has suffered, and continues to suffer, irreparable loss and injury including, but not limited to, physical and emotional distress, anxiety, fear, shame and humiliation and physical pain.

39. Plaintiff Rodney has had to retain undersigned counsel to assist with the prosecution of her rights in this matter.

---

[2] The term "disability" or "disabled" is synonymous with the term "handicap" as defined in 42 U.S.C. § 3602(h). Plaintiff Ruth Rodney uses the terms "disability" or "disabled".

40. UCO and SUSSEX G's actions described above were undertaken with reckless and wanton disregard for Plaintiff Rodney's civil rights, causing her to suffer emotional and psychological distress for which she is entitled to recover through an award of compensatory and punitive damages against the Defendants, jointly and severally.

41. Plaintiff Rodney further requests and seeks a permanently injunction against UCO and SUSSEX G requiring them to provide wheelchair accessible shuttle bus service to Plaintiff Rodney as a resident of SUSSEX G.

## COUNT 2
## VIOLATION OF THE FEDERAL FAIR HOUSING ACT
## (42 U.S.C. 3604(f)(3)(B))

42. Plaintiff Rodney realleges and incorporates by reference Paragraphs 5 through 30, inclusive, of this Complaint as if fully set forth herein.

43. The Fair Housing Act (FHA) prohibits discrimination in housing against persons with disabilities including by refusing to make reasonable accommodations "in rules policies practice, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

44. The FHA defines "handicap" as follows: "1) a physical or mental impairment which substantially limits one or more … major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment...". 42 U.S.C.A § 3602(h).

45. At all times relevant to this action Plaintiff Rodney was a person with a disability as that term is defined in 42 U.S.C. § 3602(h).

46. SUSSEX G and UCO knew, at all times relevant to this action, that Plaintiff Rodney had disabilities and required a wheelchair to aid in her mobility.

47. Plaintiff Rodney requested, by her March 16, 2019 letter to UCO, a change, exception or adjustment to a rule, policy, practice, or service, as reasonable accommodation of her physical disabilities. In her letter, Plaintiff Rodney requested that Defendants extend their free shuttle bus service to her by making it accessible for her power wheelchair.

48. The requested accommodation was reasonable and necessary to afford Plaintiff Rodney with an equal opportunity to use and enjoy her dwelling.

49. Defendants violated Plaintiff Rodney's rights under 42 U.S.C. § 3604(f)(3)(B) by denying her request for reasonable accommodation.

50. One way in which Defendants should have granted Plaintiff Rodney's request for reasonable accommodation was by activating the language of the 2017 shuttle bus agreement, which contemplates that the shuttle buses can be made accessible, as federal law requires that Defendants grant reasonable accommodations and not discriminate in their provision of services including by contracting for accessible buses.

51. The accommodation requested is reasonable and necessary to afford Plaintiff Rodney with an equal opportunity to use and enjoy her dwelling; does not impose any undue financial or administrative burden on the Defendants; and does not require any fundamental alteration of their facilities or programs.

52. Defendants were and are obligated to ensure that their services, including transportation services, are provided to all residents of SUSSEX G, including Plaintiff Rodney, in a way that does not discriminate against persons with disabilities.

53. Plaintiff Rodney is an aggrieved person within the meaning of 42 U.S.C. §§ 3602(i) and 3614(d)(1)(B) as a result of being the victim of the discriminatory conduct and business practices described in this complaint.

54. As a direct and proximate result of Defendants' acts, omissions, and violations of the Fair Housing Act, Plaintiff Rodney has suffered damages including, but not limited to, physical and emotional distress, anxiety, fear, shame and humiliation and physical pain.

55. UCO and SUSSEX G's actions described above were undertaken with reckless and wanton disregard for Plaintiff Rodney's civil rights, causing her to suffer emotional and psychological distress for which she is entitled to recover through an award of compensatory and punitive damages against the Defendants, jointly and severally.

56. Pursuant to Section 3613(c)(1) of the Fair Housing Act, Plaintiff Rodney is entitled to actual and punitive damages as well as injunctive and declaratory relief. Pursuant to Section 3613(c)(2) of the Fair Housing Act, Plaintiff Rodney is entitled to reasonable costs and attorney's fees.

### COUNT 3
### VIOLATION OF THE PALM BEACH COUNTY CODE OF LAWS AND ORDINANCES
### (Sec. 15-58(2))

57. This is an action for declaratory and injunctive relief and for monetary damages pursuant to the Palm Beach County Code (PBCC), which Code, in Section 15-54, provides for a civil action to remedy discrimination against a person on the basis of disability.

58. Plaintiff Rodney realleges and incorporates herein by reference Paragraphs 5 through 30, inclusive, of this Complaint as if fully set forth herein.

59. Plaintiff Rodney is a person with a disability as defined by Section 15-37(10) of the PBCC in that she has physical impairments that subsantially limit one or more of her major life activities.

60. The PBCC makes it unlawful to "To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a disability of" that person. PBCC Sec. 15-58(7).

61. SUSSEX G and UCO knew, at all times relevant to this action, that Plaintiff Rodney had disabilities and required a wheelchair to aid in her mobility.

62. Plaintiff Rodney has been harmed by UCO and SUSSEX G's discriminatory provision of access to the community shuttle bus services.

63. As a result of UCO and SUSSEX G's illegal conduct and discriminatory practices, Plaintiff Rodney is an "aggrieved person" as that term is defined in the PBCC in that she has been deprived of her right to equal housing opportunities, has suffered discrimination on account of her disabilities and has suffered, and continues to suffer, irreparable loss and injury including, but not limited to, physical and emotional distress, anxiety, fear, shame and humiliation and physical pain.

64. Plaintiff Rodney has had to retain undersigned counsel to assist with the prosecution of her rights in this matter.

65. UCO and SUSSEX G's actions described above were undertaken with reckless and wanton disregard for Plaintiff Rodney's civil rights, causing her to suffer emotional and psychological distress for which she is entitled to recover through an award of compensatory and punitive damages against the Defendants, jointly and severally.

66. Plaintiff Rodney further requests and seeks a permanently injunction against UCO and SUSSEX G requiring them to provide wheelchair accessible shuttle bus service to Plaintiff Rodney as a resident of SUSSEX G.

<u>**COUNT 4**</u>
<u>**VIOLATION OF THE PALM BEACH COUNTY CODE OF LAWS AND ORDINANCES**</u>
<u>**(Sec. 15-58(9))**</u>

67. Plaintiff Rodney reallege and incorporate by reference Paragraphs 5 through 30, inclusive, of this Complaint as if fully set forth herein.

68. The Palm Beach County Code (PBCC) prohibits discrimination in housing against persons with disabilities including by refusing to make reasonable accommodations "in rules policies practice, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." P.B.C.C. Sec. 15-58(9).

69. The P.B.C.C. defines "disability" as "a physical or mental impairment which substantially limits one (1) or more … major life activities … a record of having such an impairment; or … being regarded as having such an impairment...". P.B.C.C. § 15-37(10).

70. At all times relevant to this action Plaintiff Rodney was a person with disabilities as that term is defined in the PBCC.

71. SUSSEX G and UCO knew, at all times relevant to this action, that Plaintiff Rodney had disabilities and required a wheelchair to aid in her mobility.

72. Plaintiffs Rodney requested, as reasonable accommodation of her physical disabilities, that Defendants extend their shuttle bus service to her by making it accessible for her power wheelchair.

73. The requested accommodation was reasonable and necessary to afford Plaintiff Rodney with an equal opportunity to use and enjoy her dwelling.

74. Defendants violated Plaintiff Rodney's rights under the P.B.C.C. by denying her request for reasonable accommodation.

75. The accommodation requested was reasonable and necessary to afford Plaintiff Rodney with an equal opportunity to use and enjoy her dwelling and did not impose any undue financial or administrative burden on the Defendants and did not require any fundamental alteration of their facilities or programs. Defendants were and are obligated to ensure that their services, including transportation services, are provided in a way that does not discriminate against persons with disabilities.

76. Plaintiff Rodney is an aggrieved person within the meaning of Section 15-37(22) of the PBCC as a result of being the victim of the discriminatory conduct and business practices described in this complaint.

77. As a direct and proximate result of Defendants' acts, omissions, and violations of the PBCC, Plaintiff Rodney has suffered damages.

78. UCO and SUSSEX G's actions described above were undertaken with reckless and wanton disregard for Plaintiff Rodney's civil rights, causing her to suffer emotional and psychological distress for which she is entitled to recover through an award of compensatory and punitive damages against the Defendants, jointly and severally.

79. Pursuant to Section 15-56 of the PBCC, Plaintiff Rodney is entitled to actual and punitive damages as well as injunctive and declaratory relief and reasonable attorney's fees and costs.

Wherefore, Plaintiff Rodney requests that judgment be entered against Defendants, UCO and SUSSEX G, as follows:

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Rodney respectfully requests that the Court grant her the following relief:

1. Enter a declaratory judgment finding that the foregoing actions of Defendants' violate 42 U.S.C. § 3604(f)(2) and (f)(3)(B) and Section 15-58 of the Palm Beach County Code;

2. Enter a permanent injunction:

    a. enjoining Defendants and their directors, officers, agents, and employees from discriminating on the basis of disability;

    b. directing Defendants to provide accessible bus services in the Century Village West Palm Beach community;

    c. directing Defendants and their directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent additional instances of such conduct or similar conduct from occurring in the future; and

    d. directing Defendants to post signs at all of their residential rental properties alerting tenants, owners, potential tenants and potential owners to their rights, under the Fair Housing Act and the Palm Beach County Code;

3. Award compensatory damages to Plaintiff Rodney in an amount to be determined by the jury that would fully compensate Plaintiff for injuries caused by the conduct of Defendants as alleged herein;

4. Award punitive damages to Plaintiff Rodney in an amount to be determined by the jury that would punish Defendants for the willful, malicious, and reckless conduct alleged herein and that would effectively deter similar conduct in the future;

5. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 3613(c)(2) and Section 15-56 of the Palm Beach County Code; and

6. Award such additional or alternative relief as may be just, proper, and equitable.

## JURY DEMAND

Plaintiff Rodney demands a jury trial on all issues which can be heard by jury.

Dated: February 24, 2021

RESPECTFULLY SUBMITTED,

/s/ Molly J. Paris
Molly J. Paris, Esq.
Disability Rights Florida, Inc.
Senior Staff Attorney
Florida Bar No.: 90486
1930 Harrison St
STE 104
Hollywood, FL 33020
800- 342-0823
TDD 800-346-4127
Fax 850-488-8640
mollyp@disabilityrightsflorida.org

/s/ Katherine Hanson
Katherine Hanson, Esq.
Disability Rights Florida
Senior Staff Attorney
Florida Bar No.: 0071933
2473 Care Dr
Suite 200
Tallahassee, FL 32308
800-342-0823 ext 9713
TDD 800-346-4127

Fax 850-488-8640
katherineh@disabilityrightsflorida.org

/s/ Ann Marie Cintron-Siegel
Ann Marie Cintron-Siegel, Esq.
Disability Rights Florida, Inc.
Legal Director
Florida Bar No.: 166431
1930 Harrison St
STE 104
Hollywood, FL 33020
800-342-0823 ext 9790
TDD 800-346-4127
Fax 850-617-6647
anns@disabilityrightsflorida.org

/s/ Kathryn Strobach
Kathryn Strobach, Esq.
Disability Rights Florida, Inc.
Director of Investigations
Florida Bar No.: 670121
1930 Harrison St
STE 104
Hollywood, FL 33020
800- 342-0823
TDD 800-346-4127
Fax 850-488-8640
KathrynS@disabilityrightsflorida.org

By:   /s/Molly Paris, Esq.
      Fla. Bar No.: 90486